## ERROR PROCEEDINGS IN CONDEMNATION CASES.

[Circuit Court of Lucas County.]

The State of Ohio, ex rel Henry Keller, Frank Keller and Andrew Keller, Jr., as Keller Brothers, v. Richard Waite, Probate Judge of Lucas County, Ohio.

Decided, October 10, 1903.

*Appropriation—Proceedings in Probate Court—Final Order—Prosecution of Error Stays Execution of Judgment—What Damages the Bond Should Cover—Section 6434—Mandamus Will Not Lie to Compel Payment of Verdict.*

1. An order of the probate court confirming a verdict in an action by a railroad company for the appropriation of land is a final order, to which error can be prosecuted without first paying the amount of the verdict into court. (Parallel cases—6 C. C., 362, and 6 C. C., 531).
2. The prosecution of error by the railroad company, and the giving of a sufficient bond, acts as a stay of execution of the judgment confirming the verdict, and the probate court can not be compelled by mandamus to require that the amount of the verdict, with interest and costs, be paid to the parties entitled to it, or deposited in court "within the time required by law."
3. The supersedeas bond required in such a case should be sufficiently broad to cover all the damages or loss that may result to the land owner by reason of the prosecution of error, including costs in the probate court, and expenses and attorneys' fees, in the event the railroad company should finally refuse to take the property; but it is not the office of a bond in such a case to protect the land owner against such loss, if any, as he may suffer from his inability to sell or encumber the land during the pendency of the error proceedings.

Hull, J.; Haynes, J., and Parker, J., concur.

This is an action in mandamus brought to require Richard Waite, Probate Judge of Lucas County, by writ of mandamus, to make a certain order in an appropriation proceeding in the probate court of this county. The defendant refused, upon motion, to order the Toledo, St. Louis & Kansas City Railroad Company—known as "The Clover Leaf"—to pay into court the amount of a verdict, to-wit, $8,411, awarded by a jury to the relators in this case, in a proceeding to condemn and appropri-

ate property for railroad purposes.  The refusal of the judge to make this order is the basis of this action, and the petition asks that the judge be required to amend the journal of the court so as to allow said order instead of refusing it.  The action came on for hearing before us on a petition applying for a writ of mandamus and a demurrer to the petition, the demurrer being made upon the ground that the petition does not state sufficient facts to warrant the issuing of a writ of mandamus. The question might have been raised without the filing of a demurrer, but simply upon the face of the application.

The facts briefly are that proceedings were commenced in the probate court to condemn and appropriate certain land belonging to the relators, and after the preliminary proceedings and the finding by the court that it was necessary to appropriate, a trial was had in due and proper form, and on the 13th day of August, 1903, a verdict was rendered by the jury for $8,411. On the 25th of the same month a motion for a new trial, made by the railroad company, was overruled and the verdict was confirmed by the court according to the provisions of the statute, and a judgment entered.  After that, on the 21st day of September, a petition in error was filed by the railroad company in the court of common pleas to reverse the judgment, and bond given to stay the execution of the judgment, under Section 6718 of the Revised Statutes.  Within ten days after thirty days had expired from the time the judgment was confirmed, the motion to which I have referred was filed in the probate court, under Section 6434, Revised Statutes, and on the 30th of September the motion was heard by the court and overruled, the court refusing to order the railroad company to pay into court the amount of the verdict, on the ground that the railroad company had filed a petition in error in the court of common pleas to reverse this judgment, and had given an undertaking in the court of common pleas in said cause, under Section 6718, to stay execution in said cause.  These reasons for the action of the court are set forth in the journal entry.

It is argued that the railroad company, by letting the time go by, within which they are required by Section 6434, Revised Statutes, to pay the money into court—and instead of doing

which they have prosecuted error in the common pleas court—should be regarded as having abandoned their rights in the premises to appropriate; that the probate court, under Section 6434, should have ordered the railroad company to pay this money into court notwithstanding the fact that it was prosecuting error in the court of common pleas and had given an undertaking there to stay execution.

It is contended by the relators that they should not be required to wait until error is prosecuted through the various courts by the railroad company; that they have a right to have the appropriation proceedings in the probate court ended, one way or the other—either to have their land taken and paid for, or the railroad company adjudged to have abandoned its rights, and required to pay the costs and expenses of litigation, including attorney's fees, as provided in Section 6434. It is urged that the pendency of these proceedings in the courts creates a cloud resting upon the title of this property that prevents the owner selling it and converting it into money, if they see fit, or encumbering it by mortgage or otherwise; that, in fact, their property is tied up and their right to sell or encumber it as their own private property is interfered with and taken from them during the pendency of these proceedings, and that for such interference they have received no compensation, and that in view of these facts they were entitled to the order which they asked of the court.

The Constitution of the state provides that private property shall not be taken for such a purpose as this unless compensation is first made in money or secured by the deposit of money. The various sections of the statutes relating to appropriation proceedings lay down the method in which the appropriation of property shall proceed, which are in accordance with the safeguards and provisions of the Constitution. It is claimed that a railroad company can not prosecute error from an order of the probate judge confirming a verdict—that it is not a final order; that error can not be prosecuted until the amount fixed by the jury has been paid into court. We hold, however, and it has been decided in this court, that the order of the probate court confirming a verdict is a final order to which error can be pros-

ecuted under Section 6708, Revised Statutes. That order is a judgment, and it is so called in the statute; it is a judgment to all intents and purposes, although it does not require the company to absolutely pay the money in; it has an option to pay it in, or abandon; but before it pays the money in it may prosecute error to the order of confirmance. This has been held by this court in a case decided at the January Term, 1892, and the question fully discussed by Judge Haynes, who delivered the opinion. The case is reported in the 6 Vol. Circuit Court Reports, page 521 (*Toledo, Ann Arbor & North Michigan Railway Co.* v. *The Toledo & Michigan Belt Railway Co*). The syllabus is:

"A petition in error can not be prosecuted to reverse the finding and order of the probate court made upon the preliminary hearing in proceedings instituted and conducted under the provision of Section 6414 and 6453, Revised Statutes, relating to the appropriation of private property for public uses until after the verdict of the jury has been rendered, and judgment under Section 6432, confirming it, has been entered."

And in another case found in the same volume, page 362 (*Toledo Consolidated St. Ry. Co.* v. *Toledo Electric St. Ry. Co.*) —two cases being heard together; it is so decided, also by this court, the opinion being delivered by Judge Scribner, and in which many other questions were discussed.

The sixth paragraph of the syllabus is as follows:

"Where, in appropriation proceedings, instituted and carried on in the probate court under the Revised Statutes (Sections 6414, 6453) a verdict fixing the amount of compensation to be paid has been rendered by the jury empanelled in the case, and an order or judgment of confirmation of such verdict entered by the court under Section 6432, proceedings in error may be prosecuted under Section 6708, by the defendant in the proceedings, to reverse such order or judgment of confirmation, before the compensation awarded by the jury has been paid, or the order provided for in Section 6433 made."

This case went to the Supreme Court and was affirmed (*Toledo Consolidated St. Ry. Co.* v. *Toledo Electric St. Ry. Co.*, 50 Ohio St., 603). While this question was not discussed by the Supreme Court in the opinion, it was before the court, and if

error could not have been prosecuted in the case the Supreme Court would have had no .jurisdiction to hear it. The same holding was made in *Cincinnati, J. & M. Ry. Co.* v. *Barcalow,* 4 C. C. R., 49, the opinion being delivered by Judge Smith.

So that the railroad company is properly and lawfully prosecuting error to this order of the probate court confirming the verdict, without first paying in the money; and they have given an undertaking to stay execution under Section 6718, which provides that:

"No proceeding to reverse, vacate, or modify a judgment or final order rendered in the probate court, common pleas court or circuit court, except as provided in the fourth subdivision of this section, and in sections six thousand seven hundred and twenty and six thousand seven hundred and twenty-one, shall operate to stay execution, unless the clerk of the court in which the record of such judgment or final order is made take a written undertaking, to be executed on the part of the plaintiff in error to the adverse party, with sufficient surety as follows:

"1. When the judgment or final order sought to be reversed directs the payment of money, the written undertaking shall be in double the amount of the judgment or order, to the effect that the plaintiff in error will pay the condemnation money and costs, if the judgment or final order be affirmed, in whole or in part."

Pursuant to this section the company has given an undertaking in the amount of $17,000. Section 6437 of the chapter on the Appropriation of Property provides expressly for error proceedings in appropriation cases. It provides:

"Either party may file a petition in error in the court of common pleas of the proper county, within thirty days from the rendition of the final judgment in the probate court, and the proceedings in error shall be conducted as in civil actions; but the corporation may, on the rendition of the final judgment in the probate court, pay into said court the amount of the judgment for compensation and costs therein rendered, and proceed to enter upon and appropriate the property, notwithstanding the pendency of the proceedings in error."

The statute therefore provides that the corporation may, if it choose, pay into the probate court the amount of the judgment, notwithstanding the pendency of proceedings in er-

ror, and take possession. In this case it has not paid in, but has proceeded in error without so doing. Section 6438 provides that if the judgment is reversed in the court of common pleas the case shall be set down for trial in that court. The case does not go back to the probate court, but is tried in the court of common pleas *de novo*, except so far as the preliminary proceedings are concerned, which are not heard over again by the common pleas court, but the appropriation proceedings proper by way of determining the value, etc., are tried in the common pleas court before a jury the same as in the probate court; and there are various provisions as to costs. And it has been decided by the Supreme Court that the reversal by the common pleas court of the judgment of the probate court can not be reviewed by the circuit court or the Supreme Court on error, but the case must then be set down in the common pleas court for trial according to the provisions of this section.

So we find that there was a final judgment entered in this case; that proceedings in error are properly being prosecuted from that judgment, and the question is, whether, under this state of facts, the land owners had a right, under Section 6434, to require the railroad company to pay this amount of something over $8,000 into court, or, failing to do that, that it be held to have abandoned its rights in the premises, and be required to pay the costs, including the attorney's fees, and lose its right to appropriate the property? This is the claim of the relators; and it is further claimed that in any event the bond which was filed in the court of common pleas is not sufficient to protect the relators in all of the damages that they may suffer on account of these proceedings in error.

Section 6434 provides:

"The corporation may abandon any case or proceeding after paying into court the amount of the defendant's costs, expenses, and attorney's fees, as found by the court. If the corporation fail in any case to make payment or deposit, as provided in the preceding section, within thirty days after confirmation of the verdict, the probate judge, on motion of the party entitled to such payment, to be filed within ten days after the expiration of said thirty days, shall enter an order directing the corporation to make such payment or deposit within thirty days after the

date of such order; and unless such corporation, within said thirty days, make such payment or deposit, it shall be held and considered to have thereby abandoned the property, rights, or interests so appropriated and all claims thereon, under its proceeding, and the judge shall issue an order to that effect; the judge shall also enter a judgment against the corporation, and in favor of the party entitled to such payment, for such amount of expenses, including time spent, and attorney's fees incurred by him in the proceeding, as the court, upon the evidence offered in that behalf, deems just and reasonable, for which execution may be issued against the corporation; and the directors of the corporation, individually, shall be liable upon such judgment, and may be made parties thereto by action.''

In this case more than thirty days have expired from the time of the confirmation of the verdict. The relators filed a motion within ten days after the expiration of the thirty days, asking the court to enter an order directing the corporation to pay the money into court, or deposit it with the court within thirty days. This the court refused to do; and, there being no such order as that on the journal, it is urged that the relators had no right to make a motion, and that the court had no jurisdiction to entertain a motion to require them to pay the costs and attorney's fees. That motion and order is predicated upon the former one, which required them to pay the money into court, and they claim that they now have the right to have their attorney's fees and expenses. I will quote the exact language of the petition showing what we are asked to do in this case, which is found in the prayer of the petition:

''Wherefore, plaintiffs pray that the said defendant may be ordered and required to correct the journal of said court, and to enter thereon, as of the proper date, the order asked for in said motion, by said judge overruled on said 30th day of September, 1903, and for all other and proper relief.''

And that motion was this:

''Now come the defendants Henry Keller, Frank Keller and Andrew Keller, Jr., and move the court to direct the plaintiff, The Toledo, St. Louis & Western Railroad Company, by order, in the manner provided by law, to make payment to the parties entitled thereto, or deposit with the probate judge the amount of the verdict in this action, to-wit, eight thousand four hundred

and eleven dollars, with interest and such costs as have lawfully accrued in the case up to the time of said payment, within the time allowed by law.''

This exact question has never been passed upon by the Supreme Court, but there are several decisions of the Supreme. Court bearing on different questions arising out of the appropriation of property and the rights of the parties and the powers and duties of the court.

It was held by the Supreme Court in *State* v. *Meiley*, 22 Ohio St., 534, that a probate judge could not be compelled by mandamus to pay the money over to the party entitled to it after it had been paid into his hands, for the reason that the probate judge was liable in an action personally upon his bond, and therefore that mandamus would not lie.

In *State* v. *Railway Co.*, 17 Ohio St., 103, the court held that where a railroad company had abandoned the proceeding after verdict it could not be compelled to pay the amount found to be the value of the land by the jury; the railroad company in that case having expressly abandoned the land, and, besides that, having constructed the railroad over another piece of land.

And in *Meily* v. *Zurmehly*, 23 Ohio St., 627, the court hold that when a railroad company takes land and takes possession of it, it must pay the money into court and the probate judge must pay the money over to the land owner, notwithstanding proceedings in error have been commenced by the railroad company. After stating the facts this is stated in the syllabus:

''*Held:* That it was the duty of the probate judge on the demand of the party in whose favor the judgment was rendered, to pay over to him the amount of such judgment, notwithstanding the pendency of the proceedings in error and the objection of the corporation; and his failure to do so is a breach of his official bond.''

So that we find by this case, that if the probate court had required the Clover Leaf Road to pay this $8,411 into court, that the land owners would have had the right to demand the money of the court and the court would have been compelled to pay it over to the land owners, and the railroad company would have had to take its chances on being able to recover back

any of the money, in case the judgment should finally be reversed by a court of error on the ground that the judgment was excessive or that the court had proceeded according to some erroneous rule as to the measure of damages, or for any other reason. The moment the money is paid into the hands of the probate judge the land owner has a right to it and it is the duty of the judge to pay it over to him.

*Wagner* v. *Railway Co.,* 38 Ohio St., 32, is an interesting case. In discussing some of the questions arising upon matters of this kind, the court say, on page 36:

"Something more than a verdict of the jury is required before the corporation can deposit the money and demand possession."

The question there was whether the railway company had a right to go into possession of the property before the verdict had been confirmed by the court, under Sections 6432, 6433.

Section 6432 provides:

"The jury shall render its verdict in writing, signed by the foreman, to the judge, who shall cause it to be entered of record; and unless for good cause shown, upon motion to be filed within ten days after verdict is rendered, a new trial be granted, the judge shall enter a judgment confirming such verdict."

Section 6433 provides:

"Upon payment to the party entitled thereto or deposit with the probate judge, of the amount of the verdict, and such costs as have lawfully accrued in the case up to the time against the corporation, the corporation shall be entitled to take possession of, and shall hold the property, rights, or interests so appropriated, for the uses and purposes for which the appropriation was sought, as set forth in the petition, and the judge shall enter of record an order to that effect, and if necessary, proper process shall be issued to place the corporation in possession thereof."

The court held in *Wagner* v. *Railway Co., supra,* that the railroad company could not take possession of the property and proceed to convert it to its own use until the verdict had been confirmed by the court. They say, on page 36:

"The Constitution contemplates a judicial proceeding, in which the effect of the judgment is to divest the owner of the

title and possession of his property, and to invest both, to the extent of the condemnation, in the corporation.    No right of possession is divested until the appropriation is complete.''

It appears from the Constitution and these sections of the statutes as stated here by the Supreme Court, that a judicial proceeding is contemplated; that a jury shall be ·in the jury-box to pass upon questions of fact, and a judge on the bench to decide the questions of law, and the jury is charged and the trial proceeds in the ordinary way; and under the sections relating to error, the railroad company has the right, upon confirmation of the verdict by the court, to prosecute error, as in civil cases, to the court of common pleas.    And in our judgment the prosecution of error and the giving of an undertaking, if one be given sufficiently broad to cover any damage that the land owner may sustain, acts as and causes a stay of the execu-· tion of the order and judgment of the probate court confirming; the verdict of the jury.    That judgment is in the nature of a judgment for money, but the railroad company is not required to pay it, for it may abandon its rights; but if the railroad company desires to take possession, as provided for by Section 6434, which has been read, the company is first required to pay the money into court for the benefit of the land owner.    But it is of this judgment confirming the verdict that the railroad company complains.    It complains in its motion for a new trial and in its petition in error, among other things, that the court permitted damages to be awarded to the land owners for personal property—for machinery, and perhaps some other property which were not fixtures—it complains of that ruling of the court; complains that the judgment is excessive, and to correct these errors which it claims occurred upon the trial, it filed its petition in error in the court of common pleas and gave its bond to stay execution.    Now it would be of but little value in many cases to the railroad company to provide that it might prosecute error when such a judgment is entered, and at the same time to require that it immediately pay into court for the benefit of the land owner the amount of money that had been awarded by the jury.    Error is prosecuted in such a case, not to settle some mooted question of law, something

in debate or dispute, but it is prosecuted in order that by the judgment of a reviewing court a less amount may be awarded to the land owner, upon the ground that errors have been committed by the court or jury and a larger amount has been awarded than should be to the owner, and the plaintiff in error seeks in such a case to reduce the amount that shall be awarded and paid; and to require the company, in order to retain its rights, to pay into court the amount of the judgment of which it is complaining notwithstanding a bond has been given, and to have it paid over to the land owner, we think would be very far from a proper construction of these statutes. Section 6434, providing for this order and the payment of the money into court, is to be construed in connection with the other sections of the statute providing for error proceedings; it is to be read in the light of those sections; it was the purpose of the Legislature to provide means for the railroad company to prosecute its case in error in the ordinary way, and to preserve its rights in the same manner that they might be preserved in a civil action. The statute says that error may be prosecuted from the judgment of the probate court as in civil actions. We are of the opinion, assuming that the bond was sufficient, that Judge Waite was right when he refused to enter the order asked in this case requiring the money to be paid in court, upon the ground that error was being prosecuted in the court of common pleas and that an undertaking had been given. We take only this exception to the proceedings—which may be cured—and that is, that the bond which was filed in the court of common pleas, in our judgment, is not broad enough to cover all of the damage or loss that might result to the land owner by reason of the prosecution of the proceedings in error, in that there is no provision in the bond securing the payment of the costs in the probate court and expenses and attorney's fees in that proceeding, in case the railroad company should finally abandon its rights to appropriate and refuse to take the property if the jugdment should be affirmed in the higher courts. For the railroad company would still have the right, as provided in Section 6434, to abandon its rights in the probate court and refuse to take the property, and in that event it

would be required to pay the costs, expenses and attorney's fees which accrued in that court. There is nothing in this bond which was filed to cover such possible costs or expenses. The bond was perhaps large enough to cover any probable amount of costs and expenses that might accrue in addition to the judgment, it being for $17,000—but we are of the opinion that an additional bond should be filed, under Section 6725, which provides:

"Execution of a judgment or final order, other than those enumerated in this chapter, of any judicial tribunal, or the levy or collection of any tax or assessment therein litigated, may be stayed on such terms as may be prescribed by the court in which the petition in error is filed, or by a judge thereof."

It is our judgment that the court of common pleas, proceeding under this section, should prescribe the form of the bond and the amount, to secure these possible costs and expenses to which I have referred. It is plain here that the railroad company is prosecuting error in good faith and have undertaken to give a bond which would protect the land owner, and we take it for granted that a bond will be given in the court of common pleas in accordance with the suggestions made in this opinion; and when that is done, the petition may be amended setting that forth, or an answer may be filed setting that up, and the application for a writ of mandamus will then be denied and the petition dismissed. We think counsel should go to the court of common pleas and ask that court to fix the amount and prescribe and approve of the form of the bond as provided in Section 6725.

It is argued that there is no provision in the bond that has been given to protect relators, the land owners, against any damage they might suffer by reason of their inability to sell their land or encumber it by mortgage or otherwise during the pendency of these proceedings in error, and that therefore they are not fully protected. We are of the opinion and hold that they are not entitled to such a bond. Although these proceedings are pending, they still have the right to sell their property. It is not exactly a cloud upon the title, and whoever bought the property would take it subject to these proceedings, but a man who buys any property takes it subject to the right of

a corporation to condemn it by appropriation proceedings. Relators' right to sell their property is not taken from them or their right to encumber it. If an action was brought to foreclose a mortgage upon property, and the mortgage had in fact been paid, such an action would be a cloud upon the title, but error proceedings might be prosecuted to a judgment, adjudging the mortgage paid and canceled, and such proceedings pending would interfere with the sale of the property as much as this proceeding, but the plaintiff in error would not be required to give a bond to protect the land owner from any damage that he might suffer on account of not being able to sell his property; he would still have the right to sell it or encumber it, and the purchaser would have to take his chances upon the pending litigation. We find no provision of the statute, nor do we think justice requires a bond to be given to cover such possible damage; if there is any damage of that kind, it would come within the rule of *damnum absque injuria.*

For the reasons stated, if this bond is given in the court of common pleas in the form suggested by the court, the application for a writ of mandamus will be denied and the petition dismissed.

[Said bond was given forthwith, and judgment entered against the plaintiff.]

*James M. Brown, Frank G. Crane,* for relators.

*Clarence Brown, Charles A. Schmettan,* for respondents.